**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**

In re:

Edward William Wall                          Chapter 7
                                             Case No. 08-10119
                                             Honorable Jeffrey Hughes

        Debtor
_____/

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

NOW COMES Movant, HomeSteps Asset Services/ A Freddie Mac Unit, by and through its attorneys, Orlans Associates, P.C., and shows unto this Honorable Court as follows:

1. That Movant is the servicing agent of a mortgage currently held by ChoiceOne Bank, on real property owned by the debtor and located at 2652 E River Rd, Twin Lake, MI 49457 (a copy of the recorded Sheriff's Deed is attached).
2. HomeSteps Asset Service/A Freddie Mac Unit is moving on behalf of ChoiceOne Bank.
3. That the debtor filed 7 Bankruptcy on November 12, 2008.
4. That pursuant to 11 U.S.C. § 362 (d)(1), upon request of a party in interest, the court shall grant relief from stay for cause, including lack of adequate protection of an interest in property of such party in interest.
5. That pursuant to default in the terms of said mortgage, a foreclosure sale was conducted on August 8, 2008.
6. The Sheriff's Deed on the Mortgage Sale was recorded on August 15, 2008, in Liber 3788, Page 551, Muskegon County Records.
7. That at the foreclosure sale, the mortgagee bid in the amount of $54,000.00.
8. That the market value of the property pursuant to Debtor's Schedule D is approximately $80,000.00.
9. That as a result of the foreclosure sale, the mortgage was extinguished under state law, and the redemption period expired on February 8, 2009.
10. That as a result of the foreclosure, the subject property is not an asset of the estate.

11. That the filing of the debtor's Chapter 7 petition has no affect on this Creditor's right to foreclose or institute summary proceedings for possession of the premises pursuant to the 6th Circuit Court of Appeals' decision. <u>In re Glenn,</u> 760 F2d 1428 (6th Cir.) cert. Denied 474 U.S. 849 (1985).

12. That pursuant to Local Bankruptcy rule 9013(c)1(B) attached is a copy of the proposed Order Granting Relief from the Automatic Stay labeled as Exhibit "A".

13. That the entry of the order granting relief from the automatic stay shall be effective immediately upon entry, notwithstanding the provisions of FRBP 4001(a)(3).

14. This order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Bankruptcy Code.

WHEREFORE, Movant respectfully requests that this Court enter an Order Granting Relief from the Automatic Stay pursuant to 11 USC § 362(d) so that it, and its successors and assigns may exercise its rights to pursue its state court remedies with respect to its interest in the subject property, and the entry of the order shall be effective immediately upon entry, notwithstanding the provisions of FRBP 4001(a)(3), and whatever other relief the Court deems just and equitable.

Date:   March 17, 2009                                             Respectfully Submitted,

By:   /s/ Elizabeth M. Abood-Carroll
Elizabeth M. Abood-Carroll, Esq. P46304
Email: EAbood-Carroll@Orlans.com
Orlans Associates, P.C.
Attorneys for Movant
P.O. Box 5041
Troy, MI 48007
248-502-1408
File Number:  220.0280